

## NUMBER 13-09-00580-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CLAYTON DEAN SHANNON,                                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                                    **Appellee.**

### On appeal from the County Court at Law No. 1
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Vela
### Memorandum Opinion by Justice Rodriguez

Following a bench trial, the court found appellant Clayton Dean Shannon guilty of assault causing bodily injury to a family member, sentenced him to 300 days in the Victoria County Jail, and assessed a fine of $750.00. *See* TEX. PENAL CODE ANN. § 22.01 (Vernon Supp. 2010); TEX. FAM. CODE ANN. § 71.005 (Vernon 2008). By one issue,

Shannon complains that the trial court erred in admitting testimony regarding statements made by complainant Melanie Gonzales.   We affirm.

## I.   BACKGROUND[1]

The record shows that on April 27, 2009, Officer Joe Valadez and Officer Zachary McDaniel went to an apartment in response to an anonymous call about a disturbance, possibly an assault, at that location.   When the officers arrived, Shannon opened the door, and Gonzales, who was in the bathroom, was asked to come out and talk with the officers.

At trial, the State presented the testimony of Officers Valadez and McDaniel. During the course of their testimony, the officers related the incident, including out-of-court statements made by Gonzales.   Officer Valadez testified that Gonzales told him that Shannon was upset because he could not find his keys and that he struck her in the face and choked her.   Officer McDaniel stated that when he and Officer Valadez first observed Gonzales and asked her what happened, Gonzales said that Shannon had choked her and slapped her on the right side of her face.   Officer McDaniel also explained that after Shannon was arrested and left the apartment with Officer Valadez, Gonzales provided a sworn statement.   Officer McDaniel testified that Gonzales detailed the events of the morning in her statement as follows:

> [S]he was downstairs making breakfast and Mr. Shannon then asked her if she knew where his car keys were ….   When she said, ["]I don't know,["] he became very upset.   She said they got into an argument then, and that he began choking her as well as pushing her around the living room area eventually pushing her down onto the couch that was in the living room.   At

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

which point he slapped her in the face and began choking her again. She said that one—she believed that one of his thumbs had went [sic] into her mouth and that's how her lip got cut.… [W]hen he noticed that she was bleeding, he stopped choking her and she got up and went into the bathroom to rinse her mouth out.

Shannon objected to the officers' testimony as hearsay. *See* TEX. R. EVID. 801(d). Shannon also appears to have challenged the trial court's admission of Officer McDaniel's testimony about Gonzales's sworn statement on the basis that it was "sentences"—a narrative—and, as such, was not an excited utterance. *See Glover v. State*, 102 S.W.3d 754, 764 (Tex. App.–Texarkana 2002, pet. ref'd) ("A statement that is simply a narrative of past events or acts, as distinguished from a spontaneous utterance, does not qualify as an excited utterance no matter how soon after the event it is made."). Nonetheless, the trial court admitted the challenged testimony under the excited-utterance exception to the hearsay rule. *See* TEX. R. EVID. 803(2).

The State also called Gonzales to testify at trial. She stated that she was living with Shannon, and on April 27, 2009, she broke up with him. Gonzales testified that she and Shannon were arguing over keys; she was screaming loudly. Shannon was trying to get the keys away from her when his fingernail accidently scratched a sore in her mouth, and it started bleeding. According to Gonzales, when the officers arrived that day she lied to them about what happened because she was upset and ready to move out. She explained that she told the police officers that Shannon hit her so that he would go to jail and she could "at least get [her] stuff out that day." Later during her testimony, after talking with her court-appointed counsel, Gonzales asserted her Fifth Amendment right to remain silent and refused to testify about the written statement she gave that day. *See* U.S. CONST. amend. V.

3

## II. DISCUSSION

By his sole issue on appeal, Shannon asserts that the admission of the officers' testimony was improper hearsay and that the excited-utterance exception does not apply because Gonzales's statements were not made while under the stress of excitement caused by the event or condition. He also asserts that the error was harmful because of the significant implications of the testimony. We disagree.

### A. Applicable Law and Standard of Review

"Hearsay" is defined as a statement offered by one other than the declarant to prove the truth of the matter asserted in that statement at trial. *See* TEX. R. EVID. 801(d). Texas Rule of Evidence 803 allows for certain exceptions to the inadmissibility of the hearsay statement. *See id.* at R. 803. One of the exceptions is an "excited utterance." *See id.* at R. 803(2). Because an "excited utterance" is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition," an excited utterance is inherently reliable and therefore admissible. *Id.*; *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001); *see Coble v. State*, No. AP-76,019, 2010 Tex. Crim. App. LEXIS 1297, at *103-04 (Tex. Crim. App. Oct. 13, 2010) (citing *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003)).

We review a trial court's determination of whether evidence is admissible under the excited-utterance exception to the hearsay rule for an abuse of discretion. *Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006). In determining whether a hearsay statement is admissible as an excited utterance, the court may consider as factors the

4

time elapsed and whether the statement was in response to a question. *Salazar*, 38 S.W.3d at 154. The critical determination, however, is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event at the time of the statement. *Id.* Stated differently, a reviewing court must determine whether the statement was made "under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection." *Fowler v. State*, 379 S.W.2d 345, 347 (Tex. Crim. App. 1964).

## B. Application

Here, Gonzales's statements to the officers that Shannon was upset because he could not find his keys and struck her in the face and choked her around the neck were undoubtedly related to a startling event—the assault. *See* TEX. R. EVID. 803(2); *Coble*, 2010 Tex. Crim. App. LEXIS 1297, at *103-04. Second, it is undisputed that only a short amount of time elapsed between the assault and when the statements were made to the officers. Third, based on our review of the record, Gonzales was still under the stress of excitement caused by the assault and dominated by the emotions, fear, and pain of the event. Indeed, Officer Valadez testified that when Gonzales stepped out of the bathroom and made these statements, "she was clearly upset, shaken[,] and crying." Similarly, Officer McDaniel testified that when he saw Gonzales after she came out of the bathroom, she "appeared very upset, she was crying, the shirt was stretched out a little bit. And also she had a swollen lip, bottom lip.… She appeared like an assault victim. She was … kind of shut down a little bit." Based on these factors, we conclude that the trial court did not abuse its discretion by admitting these statements under the

5

excited-utterance exception. *See Zuliani*, 97 S.W.3d at 596 (holding that statements made twenty hours after an incident by an individual who was "scared to death" and "tired" were excited utterances); *Reyes v. State*, 48 S.W.3d 917, 920 (Tex. App.–Fort Worth 2001, no pet.) (concluding that witness's statements made fifteen minutes after an assault were excited utterances because the witness was "dominated by the emotion, fear, pain, and excitement resulting from appellant's assault, and that her statement was related to the startling occurrence of the assault").

Shannon also asserts that the trial court erred when it allowed Officer McDaniel to testify regarding Gonzales's entire written statement, which was arguably objected to as a narrative. *See First Sw. Lloyds Ins. Co. v. MacDowell*, 769 S.W.2d 954, 959 (Tex. App.–Texarkana 1989, writ denied) (explaining that a "statement that is simply a narrative of past acts or events, as distinguished from a spontaneous utterance, does not qualify as an excited utterance regardless of how soon after the event . . . it is made"). Assuming without deciding that the trial court abused its discretion in admitting this evidence through Officer McDaniel's testimony, we conclude that the error, if any, was harmless because evidence that was substantially the same came in through properly admitted testimony regarding Gonzales's excited utterances and through Gonzales's own testimony. *See Hicks v. State*, 860 S.W.2d 419, 430-31 (Tex. Crim. App. 1993), *overruled on other grounds by Rosales v. State*, 4 S.W.3d 228 (Tex. Crim. App. 1999) (en banc) (providing that the erroneous admission of evidence is usually harmless where substantially the same evidence is properly admitted elsewhere); *Doggett v. State*, 530 S.W.2d 552, 557 (Tex. Crim. App. 1975); *Dreyer v. State*, 309 S.W.3d 751, 754 (Tex.

App.–Houston [14th Dist.] 2010, no pet.) (explaining that the improper admission of evidence is not reversible error when, as in this case, the same or similar evidence is admitted without objection at another point in the trial) (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc)).

Having so concluded, Shannon's sole issue is overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 10th
day of November, 2010.

7