NUMBER 13-09-00580-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

CLAYTON DEAN SHANNON,                                                     Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the County
Court at Law No. 1 

of Victoria County,
Texas.

                                                            
                                                         

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Vela  

Memorandum Opinion by
Justice Rodriguez

                                                

Following a bench trial, the court found
appellant Clayton Dean Shannon guilty of assault causing bodily injury to a
family member, sentenced him to 300 days in the Victoria County Jail, and
assessed a fine of $750.00.  See Tex.
Penal Code Ann. § 22.01 (Vernon Supp. 2010); Tex. Fam. Code Ann. § 71.005 (Vernon 2008).  By one issue,
Shannon complains that the trial court erred in admitting testimony regarding
statements made by complainant Melanie Gonzales.  We affirm.

I.  Background[1]

The record shows that on April 27, 2009,
Officer Joe Valadez and Officer Zachary McDaniel went to an apartment in
response to an anonymous call about a disturbance, possibly an assault, at that
location.  When the officers arrived, Shannon opened the door, and Gonzales,
who was in the bathroom, was asked to come out and talk with the officers.

At trial, the State presented the
testimony of Officers Valadez and McDaniel.  During the course of their
testimony, the officers related the incident, including out-of-court statements
made by Gonzales.  Officer Valadez testified that Gonzales told him that
Shannon was upset because he could not find his keys and that he struck her in
the face and choked her.  Officer McDaniel stated that when he and Officer
Valadez first observed Gonzales and asked her what happened, Gonzales said that
Shannon had choked her and slapped her on the right side of her face.  Officer
McDaniel also explained that after Shannon was arrested and left the apartment
with Officer Valadez, Gonzales provided a sworn statement.  Officer McDaniel
testified that Gonzales detailed the events of the morning in her statement as
follows:

[S]he was downstairs making breakfast and Mr. Shannon
then asked her if she knew where his car keys were ….  When she said, ["]I
don't know,["] he became very upset.  She said they got into an argument
then, and that he began choking her as well as pushing her around the living
room area eventually pushing her down onto the couch that was in the living
room.  At which point he slapped her in the face and began choking her again. 
She said that one—she believed that one of his thumbs had went [sic] into her
mouth and that's how her lip got cut.…  [W]hen he noticed that she was
bleeding, he stopped choking her and she got up and went into the bathroom to
rinse her mouth out.

 

Shannon objected to the officers'
testimony as hearsay.  See Tex.
R. Evid. 801(d).  Shannon also appears to have challenged the trial
court's admission of Officer McDaniel's testimony about Gonzales's sworn
statement on the basis that it was "sentences"—a narrative—and, as
such, was not an excited utterance.  See Glover v. State, 102 S.W.3d
754, 764 (Tex. App.–Texarkana 2002, pet. ref'd) ("A statement that is
simply a narrative of past events or acts, as distinguished from a spontaneous
utterance, does not qualify as an excited utterance no matter how soon after
the event it is made.").  Nonetheless, the trial court admitted the
challenged testimony under the excited-utterance exception to the hearsay
rule.  See Tex. R. Evid.
803(2).

The State also called Gonzales to
testify at trial.  She stated that she was living with Shannon, and on April
27, 2009, she broke up with him.  Gonzales testified that she and Shannon were
arguing over keys; she was screaming loudly.  Shannon was trying to get the
keys away from her when his fingernail accidently scratched a sore in her
mouth, and it started bleeding.  According to Gonzales, when the officers
arrived that day she lied to them about what happened because she was upset and
ready to move out.  She explained that she told the police officers that
Shannon hit her so that he would go to jail and she could "at least get
[her] stuff out that day."  Later during her testimony, after talking with
her court-appointed counsel, Gonzales asserted her Fifth Amendment right to
remain silent and refused to testify about the written statement she gave that
day.  See U.S. Const.
amend. V.

II. 
Discussion

By his sole issue on appeal, Shannon
asserts that the admission of the officers' testimony was improper hearsay and
that the excited-utterance exception does not apply because Gonzales's
statements were not made while under the stress of excitement caused by the
event or condition.  He also asserts that the error was harmful because of the
significant implications of the testimony.  We disagree.

A. 
Applicable Law and Standard of Review

            "Hearsay" is defined as a statement
offered by one other than the declarant to prove the truth of the matter
asserted in that statement at trial.  See Tex. R. Evid. 801(d).  Texas Rule of Evidence 803 allows for
certain exceptions to the inadmissibility of the hearsay statement.  See id.
at R. 803.  One of the exceptions is an "excited utterance."  See
id. at R. 803(2).  Because an "excited utterance" is a
"statement relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or
condition," an excited utterance is inherently reliable and therefore
admissible.  Id.; Salazar v. State, 38 S.W.3d 141, 154 (Tex.
Crim. App. 2001); see Coble v. State, No. AP-76,019, 2010 Tex. Crim.
App. LEXIS 1297, at *103-04 (Tex. Crim. App. Oct. 13, 2010) (citing McCarty
v. State, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); Zuliani v. State,
97 S.W.3d 589, 596 (Tex. Crim. App. 2003)).

We review a trial court's determination
of whether evidence is admissible under the excited-utterance exception to the
hearsay rule for an abuse of discretion.  Wall v. State, 184 S.W.3d 730,
743 (Tex. Crim. App. 2006).  In determining whether a hearsay statement is
admissible as an excited utterance, the court may consider as factors the time
elapsed and whether the statement was in response to a question.  Salazar,
38 S.W.3d at 154.  The critical determination, however, is whether the
declarant was still dominated by the emotions, excitement, fear, or pain of the
event at the time of the statement.  Id.  Stated differently, a
reviewing court must determine whether the statement was made "under such
circumstances as would reasonably show that it resulted from impulse rather
than reason and reflection."  Fowler v. State, 379 S.W.2d 345, 347
(Tex. Crim. App. 1964).

B. 
Application

Here, Gonzales's statements to the
officers that Shannon was upset because he could not find his keys and struck
her in the face and choked her around the neck were undoubtedly related to a
startling event—the assault.  See Tex.
R. Evid. 803(2); Coble, 2010 Tex. Crim. App. LEXIS 1297, at
*103-04.  Second, it is undisputed that only a short amount of time elapsed
between the assault and when the statements were made to the officers.  Third,
based on our review of the record, Gonzales was still under the stress of
excitement caused by the assault and dominated by the emotions, fear, and pain
of the event.  Indeed, Officer Valadez testified that when Gonzales stepped out
of the bathroom and made these statements, "she was clearly upset,
shaken[,] and crying."  Similarly, Officer McDaniel testified that when he
saw Gonzales after she came out of the bathroom, she "appeared very upset,
she was crying, the shirt was stretched out a little bit.  And also she had a
swollen lip, bottom lip.…  She appeared like an assault victim.  She was … kind
of shut down a little bit."  Based on these factors, we conclude that the
trial court did not abuse its discretion by admitting these statements under
the excited-utterance exception.  See Zuliani, 97 S.W.3d at 596 (holding
that statements made twenty hours after an incident by an individual who was
"scared to death" and "tired" were excited utterances); Reyes
v. State, 48 S.W.3d 917, 920 (Tex. App.–Fort Worth 2001, no pet.)
(concluding that witness's statements made fifteen minutes after an assault
were excited utterances because the witness was "dominated by the emotion,
fear, pain, and excitement resulting from appellant's assault, and that her
statement was related to the startling occurrence of the assault").

            Shannon also asserts that the trial court
erred when it allowed Officer McDaniel to testify regarding Gonzales's entire
written statement, which was arguably objected to as a narrative.  See First
Sw. Lloyds Ins. Co. v. MacDowell, 769 S.W.2d 954, 959 (Tex. App.–Texarkana
1989, writ denied) (explaining that a "statement that is simply a
narrative of past acts or events, as distinguished from a spontaneous
utterance, does not qualify as an excited utterance regardless of how soon
after the event . . . it is made").  Assuming without deciding that the
trial court abused its discretion in admitting this evidence through Officer
McDaniel's testimony, we conclude that the error, if any, was harmless because
evidence that was substantially the same came in through properly admitted
testimony regarding Gonzales's excited utterances and through Gonzales's own
testimony.  See Hicks v. State, 860 S.W.2d 419, 430-31 (Tex. Crim. App.
1993), overruled on other grounds by Rosales v. State, 4 S.W.3d
228 (Tex. Crim. App. 1999) (en banc) (providing that the erroneous admission of
evidence is usually harmless where substantially the same evidence is properly
admitted elsewhere); Doggett v. State, 530 S.W.2d 552, 557 (Tex. Crim.
App. 1975); Dreyer v. State, 309 S.W.3d 751, 754 (Tex. App.–Houston
[14th Dist.] 2010, no pet.) (explaining that the improper admission of evidence
is not reversible error when, as in this case, the same or similar evidence is
admitted without objection at another point in the trial) (citing Leday v.
State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc)).

            Having so concluded, Shannon's sole issue is
overruled.

III. 
Conclusion

            We
affirm the judgment of the trial court.

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 10th 

day of November,
2010.

                                                                                                                                                            

 









[1]Because this is a
memorandum opinion and the parties are familiar with the facts, we will not
recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it.  See Tex. R. App. P. 47.4.