Affirmed and Memorandum Opinion
filed December 14, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00697-CR



Richard Irvin
Gilmore, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 185th District Court

Harris County, Texas

Trial Court
Cause No. 1221977



 

MEMORANDUM OPINION 

Appellant Richard Irvin Gilmore appeals his
conviction for aggravated sexual assault of a child.  In one issue, appellant
argues the trial court erred in admitting evidence regarding an extraneous
incident involving another child.  We affirm.

The complainant is one of appellant’s stepdaughters. 
She alleged that appellant sexually assaulted her repeatedly over a period of
at least five years.  Appellant denied this allegation, claiming that the
complainant fabricated the accusations in retaliation for punishment and
because she wanted to live with her aunt, who was less strict.  Before trial,
the State gave notice that it intended to use evidence that appellant had
requested another one of his stepdaughters to perform oral sex on him.

At trial, there were two discussions on the record
regarding the admissibility of this testimony.  First, appellant’s wife (the
complainant’s mother) testified on direct examination that she knew appellant’s
character and that he is not “the type of person who would have sex with a
child.”  Immediately after this testimony, the following exchange occurred at
the bench:

[PROSECUTOR]: Judge, I didn’t object to the last
question about what she thought about him with children. I believe that that --
defense has opened the door to the line of questioning, which includes have you
heard or did you know that other -- that he has made sexual comments
to other females, one of which we have given notice of and intend to use at
trial. 

[DEFENSE COUNSEL]: Judge, I don’t think
have-you-heard questions are appropriate in this type of character evidence
because it’s not reputation evidence, which is the have-you-heard’s test, reputation
evidence. This is direct evidence of their opinion of his character. I have a
brief on it, if I could.

[THE COURT]: I guess my question is: Do you have
that witness?

[PROSECUTOR]: I do have that witness and I have a
good-faith basis that I’m going to call that witness in rebuttal. That being
said, I believe I’m entitled to ask her, because I know the question was not
technically allowed to be asked; under the law, I let the question go because I
believe that they would have opened the door. And I don’t have a copy of [defense
counsel]’s brief.

[THE COURT]: It goes to the ability to ask those
questions.

[PROSECUTOR]: I have to read the opinion and get
with --

[THE COURT]: I know. Because my thought is that what
it has done is opened the door to that witness as opposed to asking this
witness whether or not she knows about that witness. I think you can ask, Do
you know that witness, and I think that -- do you know, whatever her name is.

[PROSECUTOR]: Okay.

[THE COURT]: That’s kind of my thought.

[DEFENSE COUNSEL]: Is this a child you’re talking
about or an adult?

[THE COURT]: If she says, I don’t think he would
ever do that, you say, Well, did you know he did, blah, blah, blah, doesn’t
really matter. What it does, though, is probably lets you impeach her
credibility by -- impeach that by bringing that witness to say, This is what he
did to me.

Nothing more was mentioned on this subject until the
next day.  The complainant had testified that appellant said he was going to
get her pregnant and make her keep having abortions until she had a baby boy. 
Both appellant and his wife admitted that appellant made that statement, but
they claimed it was merely a “sick joke” and that the complainant was not in
the room at the time.  After appellant’s direct examination, the following
exchange occurred at the bench:

[PROSECUTOR]: I believe the door’s been opened,
especially explaining the sick joke on the abortion question, for me to ask him
if he had ever said something else to another -- another little girl about
something regarding sex. I wanted to approach before and make sure that that
was --

[THE COURT]: Yeah. I don’t think you’re there yet.

[DEFENSE COUNSEL]: I don’t see that door open.

[THE COURT]: I don’t think you’re there yet.

Appellant’s testimony concluded, and the defense
rested.  Immediately thereafter, the State began its rebuttal case by calling
as its first witness appellant’s other stepdaughter, who testified that
appellant requested that she perform oral sex on him.  Our record does not show
that appellant objected, either before or during her testimony.  The next day,
defense counsel filed the brief he referenced in the first bench exchange, and
this brief solely argues that appellant’s other stepdaughter’s testimony is
improper character evidence and therefore inadmissible under Texas Rule of
Evidence 404(a).

In his single issue on appeal, appellant argues that
the trial court erred in admitting the other stepdaughter’s testimony regarding
his alleged request for oral sex.  To preserve error for appellate review, the
complaining party must make a timely, specific objection at the earliest
possible opportunity and obtain an adverse ruling from the trial court.  Dixon
v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998).  Furthermore, the issue
raised on appeal must correspond to the objection made at trial.  Id.

Appellant asserts admitting this testimony was error
under Texas Rule of Evidence 404(b) because it does not rebut a defensive
theory and under Texas Rule of Evidence 403 because its probative value is
outweighed by the danger of unfair prejudice.  We reject these arguments for
several reasons.  To begin with, appellant’s objection in the trial court does
not correspond with his argument on appeal.  His trial objection was focused
solely on Rule 404(a), and yet his objections on appeal are based on arguments
under Rules 403 and 404(b).  These are distinct bases for objection.  See Ho
v. State, 171 S.W.3d 295, 303 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d) (objection under Rule 404(b) does not preserve error for appellate argument
under Rule 403); Gutierrez v. State, 85 S.W.3d 446, 454 (Tex.
App.—Austin 2002, pet. ref’d) (objection under Rule 404(a) does not preserve
error for appellate argument under Rule 404(b)).  An objection on one ground
will not support an argument on appeal made on a different ground.  See
Dixon, 2 S.W.3d at 265; Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim.
App. 1996).  Even if appellant’s objections in the trial court corresponded
with his argument on appeal, they were untimely.  Appellant did not object
before or during the other stepdaughter’s testimony, and he did not obtain a
running objection or otherwise act to extend his earlier objection to this
testimony.  See Dreyer v. State, 309 S.W.3d 751, 754 (Tex. App.—Houston
[14th Dist.] 2010, no pet.).  Finally, the trial court did not issue an adverse
ruling to appellant excluding this evidence.  In the first exchange, the judge
gave his “thought” on what appellant’s wife’s testimony would “probably” allow,
and in the second exchange, the trial court stated that “I don’t think you’re
there yet” in response to the prosecutor’s arguments that appellant’s testimony
had opened the door.  These statements do not constitute a ruling admitting the
testimony.  Without an adverse ruling, appellant has not preserved this alleged
error for appeal.  See Dixon, 2 S.W.3d at 265.




 

Because appellant did not preserve his complaint,[1] we overrule
his issue and affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges,
Justices Yates, and Senior Justice Mirabal. *

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
We note that even if appellant had preserved error, evidence of extraneous
conduct is admissible to rebut a defensive theory of fabrication or frame-up. 
See Bass v. State, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008); Isenhower v.
State, 261 S.W.3d 168, 180–81 (Tex. App.—Houston [14th Dist.] 2008, no pet.).





*
Senior Justice Margaret Garner Mirabal sitting by assignment.