**Opinion issued November 20, 2025**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-24-00189-CR

—————————————

**DONNIE LEE FOBBS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 22-CR-3816**

---

## MEMORANDUM OPINION

A jury convicted appellant Donnie Lee Fobbs of sexual assault of a child[1] and assessed his punishment at six years' confinement. In his sole issue, appellant

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2).

contends that the trial court erred in overruling his hearsay objection regarding the admission of extraneous offense evidence during the punishment phase of the trial.

We affirm.

## Background

Appellant was charged by indictment with the offense of sexual assault of a child.[2] The indictment alleged that appellant "intentionally or knowingly cause[d] the penetration of the sexual organ of [C.S.], a child who was then younger than 17 years of age, by [his] sexual organ." Appellant pleaded not guilty, and the case proceeded to trial.

During a pretrial hearing, the State sought a ruling on the admissibility of evidence concerning an alleged extraneous sexual assault of a second child victim, C.F., through the eyewitness testimony of C.F.'s father, during its case-in-chief under Texas Code of Criminal Procedure article 38.37.[3] Defense counsel objected to admission of the extraneous offense evidence on the ground that any relevance was substantially outweighed by the danger of unfair prejudice, and appellant had not been charged with the alleged offense. Defense counsel acknowledged,

---

[2] All persons who were minors at the time of the offense referenced in this opinion will be referred to by their initials. *See* TEX. R. APP. P. 9.10.

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b) (allowing admission of evidence that defendant committed certain sexual offenses against children who are not complainants of charged offense).

however, that if appellant were found guilty, the extraneous offense evidence might come in during the punishment phase of trial, or if appellant opened the door to its admission. The trial court found that the extraneous offense involving a second victim was within the parameters of article 38.37, and it overruled defense counsel's objection. Ultimately, the State did not call the witness to testify during its case-in-chief, and the extraneous offense evidence did not come in during the guilt-innocence phase of trial.

After both sides rested, the jury found appellant guilty of the offense of sexual assault of a child. Appellant elected for the jury to assess his punishment.

Appellant testified during the punishment phase of trial. Before the State began its cross-examination, the following exchange took place outside the presence of the jury:

> Prosecutor: Your Honor, based on the numerous answers of [appellant] saying that he's not a monster, that he would never sexually assault a child, the State is requesting going into the evidence regarding [C.F.], that she is alleging that he sexually assaulted her. Over and over again, he stated numerous times he never sexually assaulted a child. So, he clearly opened the door.
>
> The Court: We already ruled on that.
>
> Prosecutor: I just wanted to approach before I start going into it.
>
> The Court: Okay. So, you want to call [C.F.] or –
>
> Prosecutor: I would like to –

The Court:  – ask [appellant] questions?  You got to be very careful how you do it, because we don't have [C.F.'s] testimony.  She's not here, but you can ask if – if allegations have been made.

Prosecutor: Okay.  I would like to go into: Do you know [C.F.]?  Do you know [her father]?  Do you know that she's alleged that you sexually assaulted her three times when she was 13?

He went over and over again in front of this jury that he would never sexually assault a child.

The Court:   Well, I heard that.  I heard that.  Okay.

Appellant's counsel did not object or otherwise present an argument during the bench conference.

During cross-examination, appellant testified:

Q.     Okay.  And you stated on direct examination that you would never sexually assault a child; is that correct?

A.     Yes.

Q.     Do you know who [C.F.] is?

A.     Yes.

Q.     Do you know her father []?

A.     Yes, I do.

Q.     Do you know that [C.F.] told a detective back in –

        Appellant's counsel: Judge, I'm going to object.  This is going to be hearsay.

        Prosecutor: I'm asking if he knows or not, Judge.

4

The Court: 38.[3]7 allows us to very limited things we can get into. Be careful. Overruled for the moment.

. . . .

Q. Do you know that [C.F.] told a detective with Texas City Police Department that you sexually assaulted her three different times when she was 13?

A. No.

Q. Okay. Did you do that?

A. No, ma'am.

Q. Because you would never sexually assault a child?

A: No, ma'am, I would not.

On re-direct examination, appellant testified that he had never been arrested or charged with the extraneous sexual assault offense, and that someone else had been arrested and pleaded to the offense.

On re-cross examination, appellant testified:

Q. So, you have had two different children say that you sexually assaulted them and they are both liars?

A. I didn't sexually assault nobody, ma'am.

Q. Two different children have stated that you sexually assaulted them, and they're both liars?

A. Well, I only know of one saying I sexually assaulted, and that's [C.S.].

5

Q. Let me ask you the question one more time. Two different children have stated that you sexually assaulted them, but that's not true, correct?

A. I never heard the first one, ma'am.

Q. Mr. Fobbs, I need you to listen to what I'm saying.

A. Okay.

Q. Two different children have stated you sexually assaulted them. Both of them are liars, correct?

A. Yes, ma'am.

Later, during rebuttal closing arguments, the State asked the jury to assess appellant's punishment at ten years' confinement, arguing, "And you're going to put [appellant] on probation and rehabilitate him? How? Not a monster? When two separate children have alleged that he sexually assaulted them but they're both liars? Two girls who don't know each other, not related, both are liars?"

The jury assessed appellant's punishment at six years' confinement.

**Preservation of Error**

In his sole issue, appellant contends that the trial court committed reversible error by allowing the State to introduce a hearsay statement concerning an extraneous sexual assault of a child. The State asserts that appellant failed to preserve his complaint for appellate review.

To preserve a complaint about the admission of evidence for appellate review, a party must first present to the trial court a timely request, objection, or motion

6

stating the specific grounds for the desired ruling. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (explaining, "if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection" (quoting *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991))). The objection must be timely and specific enough to make the trial court aware of the grounds for the objection, unless the ground is implied by the context of the objection. TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1(a)(1)(A).

Further, an objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or objects out of the presence of the jury to all testimony he deems objectionable on a given subject. *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008). Any error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Ethington*, 819 S.W.2d at 858; *Thierry v. State*, 288 S.W.3d 80, 88 (Tex. App.—Houston [1st Dist.] 2009, pet re'd). Thus, when there is an objection to the first question on a particular subject, but no objection to subsequent questions on the same subject, error is not preserved regarding the admission of testimony on that subject. *Ethington*, 819 S.W.2d at 859–60. The objection at trial must also comport with the complaint raised on appeal. TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Preservation of error is a systemic

requirement on appeal; if an issue has not been preserved for appeal, the court of appeals should not address the merits of that issue. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010).

Here, appellant initially objected to the State's question regarding C.F. telling a police detective that appellant had sexually assaulted her three different times when she was thirteen years old, and the trial court overruled the objection "for the moment." Appellant, however, did not request a running objection or lodge any further objections during cross-examination by the State. On re-direct examination, appellant testified that he had not been charged with sexually assaulting C.F. and someone else had been arrested for and pleaded to sexually assaulting her. The State asked appellant four more times about the extraneous sexual assault of C.F. on re-cross examination without any objections from appellant. Because appellant did not object each time the State asked about the extraneous offense evidence or obtain a running objection, he failed to preserve his complaint for our review. *See Lane v. State*, 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004) (holding unless defendant obtains running objection, he waives complaint to admission of particular evidence when same or like evidence received elsewhere without objection) (citing *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (holding unless defendant obtains running objection, he waives complaint to admission of particular evidence when same or like evidence received elsewhere without objection)); *Thierry*, 288

S.W.3d at 88 ("[W]here there is an objection to the first question on a particular subject, but no objection to subsequent questions on the same subject, no error is preserved regarding the admission of testimony on that subject.").[4]

Appellant asserts that the trial court improperly allowed the State to introduce the hearsay statement of C.F. without presenting any supporting evidence of the extraneous offense, and that it erred in admitting the statement under Texas Code of Criminal Procedure article 38.37, rather than article 37.07.[5] Appellant did not object to the statement on these grounds at trial. Because appellant's argument on appeal does not comport with his trial objection, he has waived this complaint for our review. *See Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) ("If a trial objection does not comport with arguments on appeal, error has not been preserved."); *see also Kisijara v. State*, No. 01-23-00534-CR, 2025 WL 1160688, at *4 (Tex. App.—Houston [1st Dist.] Apr. 22, 2025, no pet.) (mem. op., not designated for publication) (concluding defendant's argument on appeal that State failed to comply with Texas Code of Criminal Procedure article 38.37's thirty-day

---

[4]    Additionally, any error in overruling appellant's objection was rendered harmless by the admission of similar evidence without objection. *Martines v. State*, 371 S.W.3d 232, 246 n.2 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The admission of inadmissible evidence can be rendered harmless if the same or similar evidence is introduced without objection elsewhere during trial."); *Dreyer v. State*, 309 S.W.3d 751, 754 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (same).

[5]    *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (allowing other evidence of extraneous crime or bad act to be offered after finding of guilty if it is shown beyond reasonable doubt to have been committed by defendant).

notice requirement did not comport with objection at trial that complainant's testimony should not be admitted because she did not describe any offense included in indictment and thus complaint was not preserved).

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Kristin Guiney
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).